UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND and
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP & SAFETY FUND,

                                Plaintiffs,                        **COMPLAINT**

   -against-

THOMPSON FACILITIES SERVICES, LLC,
d/b/a THOMPSON FACILITY SERVICES,

                                Defendant.

------------------------------------------------------------------X

Building Service 32BJ Health Fund ("Health Fund") and Building Service 32BJ Thomas Shortman Training, Scholarship & Safety Fund ("Training Fund"), jointly referred to herein as the "Funds", by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Thompson Facilities Services, LLC d/b/a Thompson Facility Services ("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by employee benefit funds for monetary relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its

collective bargaining agreement, and the respective trust agreements of the Fund and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust funds, established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and

maintain those monies, and to distribute benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, NY 10011,, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant has been, and it continues to be, a Virginia corporation, having its principal office located at 1741 Business Center Drive, Suite 200, in the Census Designated Place of Reston, County of Fairfax, State of Virginia, 20190, and registered to do business in the District of Columbia, and Defendant is, and has been at all times material herein, an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is, and has been at all times material herein, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Upon information and belief, Defendant is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant's full time, regular part-time, and probationary employees performing custodial, maintenance, and skilled craft work at Howard University, exclusive of Howard University student workers, supervisory, managerial and office workers.

## AS AND FOR A FIRST CLAIM FOR RELIEF

8.   The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 7 of this complaint, as if fully set forth herein.

9.   During the period beginning January 1, 2015 through December 31, 2017, Defendant became delinquent in its required contributions to the Funds in the amount of not less than $98,817.24 as a result of non-payment of the monthly contributions, or portions thereof, on behalf of all eligible employees.

10.   To date, above-described contributions contractually due to the Funds have not been paid by Defendant, although all contributions have been duly demanded, and the Funds have been damaged in the principal amount of not less than $98,817.24.

11.   The failure, refusal or neglect to make the required contributions to plaintiff Funds constitutes a violation of the Agreement between Defendant and the Union with respect to which the Funds are third-party beneficiaries.

12.   Accordingly, Defendant is liable to the Funds for benefit contributions in the amount set forth above, including contractual pre-judgment interest calculated through June 2018 of not less than $15,164.30, liquidated damages of 20% of the unpaid principal, or no less than $19,763.45, reasonable attorney's fees and costs of this action in amounts to be determined.

## AS AND FOR A SECOND CLAIM FOR RELIEF

13.   The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

14.   Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit

contributions in accordance with the terms and conditions of collective bargaining agreements.

15. Upon information and belief, at all times material hereto, Defendant failed to pay and submit the required monetary contributions and reports to the Funds when due. Such failure to make payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

16. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid benefit contributions, which are not less than $98,817.24, plus statutory damages of 20% of the unpaid principal, or not less than $19,763.45 and pre-judgment interest on the unpaid principal computed at the rate provided for under the plaintiffs Funds' plan (9% per annum) or not less than $15,164.30 as calculated through June 2018, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

17. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant for payment of unpaid contributions in the amount of not less than $98,827.24;

b. against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) as calculated through June 2018, of not less than $15,164.30;

c. against Defendant for statutory damages on all contributions now due and

which may accrue during the pendency of this action of not less than $19,763.45, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

    d.  for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
     July 17, 2018

               RAAB, STURM & GANCHROW, LLP
               Attorneys for Plaintiffs

          By: _____
               Ira A. Sturm (IS-2042)
               2125 Center Avenue, Suite 100
               Fort Lee, New Jersey 07024
               (201) 292-0150
               Fax: (201) 292-0152
               isturm@rsgllp.com